**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION**

| | | |
|---|---|---|
| KURTIS OLIVER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | NO. 3:14-CV-1750 |
| | ) | |
| SUPERINTENDENT, | ) | |
| | ) | |
| Respondent. | ) | |

## OPINION AND ORDER

Kurtis Oliver, a *pro se* prisoner, filed a habeas corpus petition challenging a prison disciplinary proceeding, on July 2, 2014. (DE 2.) For the reasons set forth below, the petition (DE 2) is **DENIED**.

BACKGROUND

On February 20, 2014, a hearing officer at Westville Correctional Facility found Oliver guilty of making or possessing intoxicants under cause number WCC # 14-02-0111. The charge was initiated when Sergeant Jones wrote a conduct report stating as follows:

> On February 4, 2014, while I (Sgt. L. Jones) was making rounds, I did a shakedown on C1. I found an orange liquid substance in offender[] Kurtis Oliver['s] #166183 property wrapped up in a laundry bag. Substance was tested and pictures were tooken [sic].

(DE 11-1.)

On February 11, 2014, Oliver was formally notified of the charge and given a copy of the conduct report. (DE 11-1, 11-2.) He pled not guilty and requested a lay advocate. (DE 11-2.) He requested a statement from Ofc. Horde, and video surveillance of the area where the search occurred on February 4, 2014 at approximately 1:45 p.m. (DE 11-2.) Oliver was under the belief that Ofc. Horde would testify that the substance did not belong him. However, a witness statement was obtained from Ofc. Horde, who provided, "[t]his is a false statement, it was found in his room." (DE 11-4.)

On February 20, 2014, a hearing was held on the charge. (DE 11-10.) Oliver submitted a statement describing his own version of events, stating "Sgt. James did not find this in my room. They found it in room #9." (DE 11-10.) Notably, the DHB reviewed the video from the time and location of the incident. (DE 11-6.) After reviewing the video, the conclusion was that, "Room #9 is in view of the camera. No staff entered or exited room 9 during the times frame in question (1:40 pm to 1:55 pm). The offender's allegation that the substance came out of room #9 is false!" (*Id*.) Upon considering the conduct report, the witness statements, and pictures of the substance and the alcohol test results, the hearing officer found Oliver guilty. (DE 11-10.) The hearing officer imposed sanctions of a deprivation of 30 days of earned credit time and a demotion from credit class 1 to credit class 2. (*Id*.) Oliver

filed administrative appeals, raising six issues relating to the identification of the substance and the location where it was found (DE 11-11.) His appeals were denied. (DE 11-12.)

DISCUSSION

When prisoners lose earned time credits in a disciplinary proceeding, the Fourteenth Amendment Due Process Clause guarantees them certain procedural protections: (1) advance written notice of the charge; (2) an opportunity to be heard before an impartial decision-maker; (3) an opportunity to call witnesses and present documentary evidence when consistent with institutional safety and correctional goals; and (4) a written statement by the fact-finder of evidence relied on and the reasons for the disciplinary action. *Wolff v. McDonnell*, 418 U.S. 539 (1974). To satisfy due process, there must also be "some evidence" in the record to support the hearing officer's determination. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 455 (1985).

Here, Oliver raises five arguments: (1) there is no reliable evidence; (2) there was contradictory evidence; (3) there was no evidence he possessed the bottle in question; (4) the alcohol test may not have been from the bottle recovered; and (5) a witness statement was not considered. Oliver's petition is not a model of clarity, but it is apparent that the first four of these arguments challenge the sufficiency of the evidence.

3

Oliver argues that the evidence presented to the hearing officer was unreliable and insufficient. Specifically, he argues that there was no evidence that he possessed the bottle in question and no evidence that the substance in the bottle was an intoxicant. In reviewing a disciplinary determination for sufficiency of the evidence, "courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999). "[T]he relevant question is whether there is *any* evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56 (emphasis added). The court will overturn a guilty finding only if "no reasonable adjudicator could have found [the prisoner] guilty of the offense on the basis of the evidence presented." *Henderson v. United States Parole Comm'n*, 13 F.3d 1073, 1077 (7th Cir. 1994). Furthermore, a hearing officer is permitted to rely on circumstantial evidence to establish guilt. *See Hamilton v. O'Leary*, 976 F.2d 341, 345 (7th Cir. 1992).

Upon review, there is sufficient evidence to support the hearing officer's determination that Oliver was guilty of making or possessing intoxicants. To start, Sergeant Jones reported that he found a bottle containing a liquid substance that was wrapped up in

4

Oliver's laundry bag. The substance was tested for intoxicants and then Oliver was charged. Sergeant Jones' conduct report is "some evidence" that Oliver possessed the bottle and also "some evidence" that the bottle contained an intoxicant. *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999) (conduct report alone provided "some evidence" to support disciplinary determination). Moreover, the conduct report was not the only evidence submitted at the disciplinary hearing. Ofc. Horde's statement, a picture of the bottle containing the liquid, as well as a picture of the alcohol sensor displaying a positive reading for alcohol, were all presented.

The hearing officer was not required to credit Oliver's denials or prove his guilt beyond a reasonable doubt; the question is solely whether there is "some evidence" to support her determination, and that standard is easily satisfied here. *See Hill*, 472 U.S. at 457 ("Although the evidence in this case might be characterized as meager, and there was no direct evidence identifying any one of three inmates as the assailant, the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary."); *see also Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002) (witness statements constituted some evidence); *McPherson*, 188 F.3d at 786 (conduct report provided some evidence to support disciplinary determination). Here, there was both some evidence that Oliver

possessed the bottle and that the substance in the bottle tested positive for alcohol.

Oliver complains that a statement he submitted while administratively appealing this sanction was not considered. Oliver apparently submitted a statement made by offender Jason Zent, which set out that Zent lived in cell house C1-52-11, was present during the search in question, and that the search produced no contraband. (DE 2 at 2). However, Oliver did not attempt to call Zent as a witness or seek a written statement prior to the disciplinary hearing. Instead, Oliver admits the statement "was presented at time of appeal." (DE2 at 2.) "The due process clause does not require later consideration of evidence that could have but was not presented during a prison disciplinary proceeding." *Jones v. McCaughtry*, 6 Fed. Appx. 371, 372-73 (7th Cir. 2001)(citing *McPherson*, 188 F.3d at 786-87). Because Oliver did not submit Zent's statement until after the disciplinary hearing, his submission of additional evidence is irrelevant to the Court's due process inquiry. *Id.*

Not only is there sufficient evidence to find Oliver guilty of the charged offense, but there has been no showing that he was deprived any due process along the way. Based on the record, there is sufficient evidence to find Oliver guilty of making or possessing intoxicants, a Class B offense 231, and Oliver has not made a showing that his due process rights have been violated.

CONCLUSION

For the reasons set forth above, the petition (DE 2) is **DENIED**.

DATED: February 24, 2015              /s/RUDY LOZANO, Judge
                                      United States District Court